# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>JEFFREY HARRINGTON,<br><br>           Defendant. | Case No.: 17cr488-MMA-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION**<br><br>[Doc. No. 185] |

On February 28, 2017, Defendant Jeffrey Harrington pleaded guilty to conspiracy to commit wire fraud and conspiracy to file a false claim, in violation of 18 U.S.C. § 371, and subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1). *See* Doc. No. 16. The Court sentenced Defendant to a 15-month term of imprisonment and 3 years of supervised release. *See* Doc. No. 177. According to the Federal Bureau of Prisons Inmate Locator, Defendant is set to be released from the Bureau's custody on February 24, 2019.[1] Defendant, proceeding *pro se*, now moves this Court for a recommendation to the Director of the Bureau of Prisons that Defendant be housed in a Residential Reentry

---

[1] *Information available online at* https://www.bop.gov/inmateloc/, *last accessed 10/24/2018.*

1

Center for a term of 3.5 months preceding the end of his sentence.  *See* Doc. No. 185.  For the reasons set forth below, the Court **GRANTS** Defendant's motion.

## DISCUSSION

It is incumbent on the Director of the Bureau of Prisons to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1).  This may include transfer to a "community correctional facility," *id.*, often referred to as either a Residential Reentry Center ("RRC") or halfway house.  The decision to transfer an inmate to an RRC during the final months of imprisonment lies within the sound discretion of the Bureau of Prisons.  *See Rodriguez v. Smith*, 541 F.3d 1180, 1184-88 (9th Cir. 2008) (recognizing that 18 U.S.C. § 3621(b) gives the BOP authority and discretion to allow inmate to serve all or part of sentence in community confinement).  Although sentencing courts lack the authority to designate a defendant's place of imprisonment, a district court may recommend "a type of penal or correctional facility as appropriate."  18 U.S.C. § 3621(b)(4)(B).  An RRC is a qualifying facility.

This Court's regular practice is to make recommendations to the Director of the Bureau of Prisons regarding a defendant's placement, if any, at the time of sentencing.  The Court then includes the recommendation in the judgment of conviction.  For example, in this case the Court recommended at the time of sentencing that Defendant be placed in home confinement for the maximum allowable time.  The recommendation appears in the judgment.  *See* Doc. No. 177 at 2; *see also* 18 U.S.C. § 3624(c)(2) ("The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.").

The Ninth Circuit has indicated that district courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons *at any time*—including but not limited to—during the sentencing colloquy." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (emphasis added).  The Court finds it appropriate to exercise

2

17cr488-MMA-1

that authority at this time, for several reasons.  First, although the Court is generally reluctant to depart from its usual practice of recommending placement at a particular facility at the time of sentencing, in this case placement at an RRC is a logical alternative to, and compatible with, the Court's previous recommendation of placement for the maximum allowable time in home confinement.  Second, the Court finds Defendant's request timely based on his anticipated release date.  Defendant is currently statutorily eligible for transfer to an RRC.  Third, Defendant has eloquently presented the factors favoring his request, and has provided supporting documentation of his accomplishments during his term of incarceration.  Finally, while Congress invested the Bureau of Prisons with sole authority over the placement of federal inmates, it also recognized that sentencing courts would be in a unique position to make well-supported recommendations regarding placement at the end of a defendant's term of incarceration.  This is one such occasion.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion and **RECOMMENDS** to the Director of the Bureau of Prisons that Defendant be placed in an RRC during the last 3.5 months of his term of incarceration.

**IT IS SO ORDERED**.

DATE: October 24, 2018

HON. MICHAEL M. ANELLO
United States District Judge